UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MANETIRONY CLERVRAIN, et al

    Plaintiffs,

v().                                        Case No: 5:22-cv-146-GAP-PRL

JEANETTE NUNEZ, et al

    Defendants.

---

### ORDER FOR PRO SE LITIGANTS

A review of this case reveals that you are proceeding without a lawyer. To ensure that you are aware of the rules that you must follow, the Court provides this notice to you. This order highlights some of the commonly applicable rules below. Because other rules also apply, you should not rely on this order as limiting the duties that you have in this case. Your failure to comply with the rules or any Court order could result in sanctions, including dismissal of your case.

**1. Complying with the rules**

As an initial matter, you should know that the rules apply to all parties regardless of whether they have a lawyer. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Those rules include, among others, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the Federal Rules of Evidence ("Fed. R. Evid."), and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). A copy of the Local Rules can be obtained from the Clerk's Office at 207 N.W. Second Street, Ocala, Florida, 34475, or reviewed and downloaded at the Court's website (http://www.flmd.uscourts.gov/home.htm).

In addition to the rules, the Court's website also contains additional resources and information that you should review and familiarize yourself with. Specifically, the Court's website contains a handbook entitled *Guide for Proceeding Without a Lawyer* (see http://www.flmd.uscourts.gov/pro_se/default.htm), as well as the Middle District of Florida's Discovery Handbook, which contains a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/forms/Civil/2015-Civil_Procedure_Handbook.pdf).

**2. Serving the complaint**

The service of process rules, which are simply the rules that ensure that a defendant has timely received a copy of the summons and complaint (and thus provide the defendant with direct notice of your lawsuit) are found in Fed. R. Civ. P. 4 and Local Rule 1.10. You must serve each defendant in the manner specifically set forth in the Rules with a copy of the summons and complaint within 90 days after you have filed the complaint. It is your responsibility to timely comply with the Rules, and if you do not, your case may be dismissed.

If the Court previously entered an order allowing you to proceed in forma pauperis under 28 U.S.C. § 1915, then the United States Marshals Service will be directed to serve the complaint on each of the defendants. It is, however, still your responsibility to fill out blank summons forms and send completed ones to the clerk's office so that the clerk can then give them to the United States Marshals Service. If you have not already received summons forms, you can find them on the court's website or by calling the Clerk's Office at 352-369-4860. If you do not timely send the completed forms to the clerk, your case may be dismissed.

3. **Filing documents with the Court**

All of the documents that you file with the Court have to be in the form of a pleading, a motion, or a notice. A pleading is the complaint or answer to the complaint. A motion is any document in which you ask the Court for something. A notice is any document in which you provide pertinent information without asking the Court for something. All of the documents that you file with the Court must comply with the privacy protections set forth in Fed. R. Civ. P. 5.2. And all of the documents that you file with the Court must include the following:

   a. **Caption**. A caption at the top of the first page that has the name of the Court (United States District Court, Middle District of Florida, Ocala Division), the names of the parties, and the case number.

   b. **Title**. A title that describes the document (for example: Motion for Extension of Time to Respond to Defendant's Summary Judgment Motion).

   c. **Memorandum**. Within your motion (*and not as a separate document*), a legal memorandum with citations to authority that support your request from the Court. Your motion, including your memorandum, must be typewritten or legibly printed on 8 1/2 x 11 inch white paper, with one inch margins on all sides, and may not be more than 25 pages in length without prior approval from the Court.

   d. **Name and Signature**. Your full name and your original signature.

   e. **Certificate of service**. A certificate of service certifying that you sent the document to each defendant and stating the date that you sent the document,

      how you sent the document (for example, by United States Mail, Federal Express, or hand delivery), and the address to which you sent the document.

    f. **Rule 3.01(g) certification**. A certification, when required by Local Rule 3.01(g), that the moving party has conferred with opposing counsel (or opposing pro se party) in a good faith effort to resolve the motion and a statement regarding whether the motion is agreed to or opposed.

For more information on filing documents with the Court, please also see Fed. R. Civ. P. 5–11 and Local Rules 1.08, 1.09, & 3.01.

### 4. Responding to motions

    You must timely respond to any motion filed by each defendant or respondent. Unless otherwise ordered by the Court, under Local Rule 3.01(c) you must file any response within **14 days** after the motion is served. However, the Local Rule provides an extended response time for certain motions. You have **21 days** to file a response to a motion to dismiss, for judgment on the pleadings, for summary judgment, to exclude or limit expert testimony, for a new trial, or to alter or amend the judgment. If you miss a filing deadline, you must file a motion asking the Court to allow you to file your response late. If you do not respond to a motion, the Court will assume that you do not oppose the relief requested in the motion.

### 5. Directly corresponding with the Court prohibited

    You may **not** directly correspond with the Court (or any individual judge) in the form of letters or similar documents. Instead, everything that you submit for the Court's consideration must be filed through the clerk's office. The Court will not respond to anything that is not filed through the clerk's office, will strike it from the case file, and will return it to you.

### 6. Your records

    You should keep one copy of all documents you file or receive in this case for your personal records. Any documents you request to have copied from the Court file must be accompanied by a check or money order to cover the costs of copying. The rate is 50 cents per page. Photocopy work must be paid in advance and you must pay for copies even if you are granted leave to proceed IFP.

### 7. Change of address

    Throughout this case, you are required to advise the Court in writing of any change in your mailing address by filing a Notice of Change of Address. As with every document you file with the Court, you must send a copy of your Notice of Change of Address to each defendant or Respondent and include a certificate of service. You will be notified as soon as any action is taken in your case. The Court will mail to you a copy of every order entered by

the Court to the last address it has on file. Your failure to keep the Court advised of your current address may result in the dismissal of your case.

8. **Forms**

Attached are two example forms. The first form is an example of how your motion should be set up. The second form (an excerpt from the U.S. District Court, Middle District of Florida, Administrative Procedures for Electronic Filing, pages 8-9) explains electronic filing and requires that you ensure that all private information has been redacted from your filings.

**Ordered** in Ocala, Florida, on March 16, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

c:

# ATTACHMENT 1

(Pleading format. Provided as a sample)

UNITED STATES DISTRICT COURT MIDDLE
DISTRICT OF FLORIDA
OCALA DIVISION

_____

　　　　　Plaintiff(s),

v.　　　　　　　　　　　　　　　　　　　　Case Number_____

_____

　　　　　Defendant(s).

_____

*[Title of Document]*

*[Body of pleading]*

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　*[Name]*
　　　　　　　　　　　　　　　　　　　　*[Address] [Telephone Number]*

CERTIFICATE OF SERVICE

　　　　I hereby certify that a true and correct copy of the foregoing has been furnished by *[U.S. Mail, hand delivery, facsimile, etc.]* to *[Name and address of opposing counsel],* this *[30th]* day of *[September],* Year.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　*[Signature]*

# ATTACHMENT 2

(Excerpt from the U.S. District Court, Middle District of Florida, Administrative Procedures for Electronic Filing, pages 8-9)

**G.** **Redaction**

1. **Responsibility for redaction**. It is the responsibility of every lawyer and pro se litigant to redact personal identifiers before filing pleadings, motions, memoranda, exhibits, and other documents with the court. The clerk's office will not review documents for compliance with this rule, seal on its own motion documents containing personal identifiers, or redact documents, whether filed electronically or in paper form. The filing party is responsible for verifying that appropriate and effective methods of redaction have been used.

2. **Redaction rules**. To comply with the policy of the Judicial Conference of the United States and the E-Government Act of 2002, Pub. L. No. 107-347, along with Fed. R. Civ. P. 5.2 and Fed. R. Crim. P. 49.1, filing parties must omit or, where inclusion is necessary, partially redact the following personal data identifiers from all pleadings, documents, and exhibits, filed with the court, whether electronically or in paper form.

   a. Minor's name: Use the minor's initials;
   b. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number;
   c. Social Security numbers: Use only the last four digits;
   d. Taxpayer Identification numbers: Use only the last four digits;
   e. Dates of birth: Use only the year;
   f. Home address: Use only city and state (criminal cases only).

3. **Exemptions from the redaction rules**. The above redaction rules do not apply to:

   a. A financial account number or a real property address that identifies the property alleged to be subject to forfeiture in a forfeiture proceeding;
   b. A record of an administrative or agency proceeding;
   c. An official record of a state court proceeding;
   d. The record of a court or tribunal, if that record was not subject to redaction when originally filed;
   e. A filing exempted under Federal Rules of Procedure;
   f. A pro se litigant filing an action brought under 28 U.S.C. §§ 2241, 2254, or 2255;
   g. An arrest or search warrant; and
   h. A charging document and an affidavit filed in support of any charging documents.