["FRIDELYNE MAISONEUVE"]

*["General Power of Attorney for Immediate Family Members or Friends*

# Exhibit [XLIII(B) (18)]

*Thus, the proceedings in the district court necessarily began from the premise that the plaintiff had presented sufficient evidence to avoid summary judgment on the ["**nationality issue**"], and for ["Challenging agencies action his movement"]Leslie v. AG of the United States, 678 F.3d 265, 270 (3d Cir. 2012).*

1

## ["GENERAL POWER OF ATTORNEY FOR IMMEDIATE FAMILY MEMBERS, OR FRIENDS]

I, MAISONEUVE FRIDELYNE ("Declarant"),residing  at  PV, #4 PELERIN 4 ,
hereby   appoint   ["*Manetirony   Clervrain*"]   ("Agent")   for   litigating   my   rights
IN THE UNITED STATES OF AMERICA, as my attorney-in-fact ("Agent") to exercise the powers and
discretion's described below.

If the Agent is unable or unwilling to serve for any reason, I appoint ["*Brandako, Inc*"]

("Alternate Agent"), for the above individual to litigate on my behalf if the cases are very complex

or if required, as my alternate or successor Agent, as the case may be to serve with the same powers

and discretions, or may in all respects act as if he had been originally appointed a trustee by the

instrument, if any, creating the trust; and Sec. 8 provides that the preceding seven sections shall

apply to trusts heretofore as well as those hereafter created, and shall be considered in addition to

the ordinary equity powers of a court of chancery. *Smith* v. *Hall, supra*, p. 173; see, also, 28 R.I.

521; 29 R.I. 220.) .I hereby revoke any and all general powers of attorney and special powers of

attorney that previously have been signed by me.   However, the preceding sentence shall not have

the effect of revoking any powers of attorney that are directly related to my health care that

previously have been signed by me. Indeed, federal courts have continued to entertain such

challenges since the passage of the Boren Amendment. All the Circuits that have explicitly

addressed the issue have concluded that the amendment is enforceable under § 1983 by health

care providers. See *AMISUB (PSL), Inc. v. Colorado Dept. of Social Services*, 879 F.2d 789, 793

1

2

(CA10 1989); *West Virginia University Hospitals, Inc. v. Casey*, 885 F.2d 11, 17-22 (CA3 1989), cert. granted, 494 U.S. 1003 (1990); *Coos Bay Care Center*, 803 F.2d, at 1061-1063; *Nebraska Health Care Assn., Inc. v. Dunning*, 778 F.2d 1291, 1295-1297 (CA8 1985), cert. denied, 479 U.S. 1063 (1987). Other courts have entertained such claims without separately considering whether the providers had a cause of action under § 1983. See *Hoodkroft Convalescent Center, Inc. v. New Hampshire Division of Human Services*, 879 F.2d 968, 972-975 (CA1 1989), cert. denied, 493 U.S. 1020 (1990); *Colorado Health Care Assn. v. Colorado Dept. of Social Services*, 842 F.2d 1158, 1165 (CA10 1988); *Hillhaven Corp. v. Wisconsin Dept. of Health and Social Services,* 733 F.2d 1224, 1225-1226 (CA7 1984); Alabama Hospital Assn. v. Beasley, 702 F.2d 955, 955-962 (CA11 1983); Mississippi Hospital Assn., Inc. v. Heckler, 701 F.2d 511, 517-520 (CA5 1983); Charleston Memorial Hospital v. Conrad, 693 F.2d 324, 326 (CA4 1982); *Washington Health Facilities Assn. v. Washington Dept. of Social and Health Services*, 698 F.2d 964, 965 (CA9 1982). My Agent shall have full power and authority to act on my behalf. This power and authority shall authorize my Agent to manage and conduct all of my affairs and to exercise all of my legal rights and powers, including all rights and powers that I may acquire in the future. My Agent's powers shall include, but not be limited to, the power directly households with parents and children has roots equally venerable and equally deserving of constitutional recognition. *Moore v. East Cleveland*, 431 U.S. 494 (1977). For the purpose of this subsection, a dependent person is one who has more than fifty percent of his total support furnished for him by the nominal

2

3

head of the household and the spouse of the nominal head of the household. "(e) A family may consist of one individual. *Cleveland Board of Education v. LaFleur*, 414 U.S. 632, 639-640 (1974).

1. Open, maintain or close bank accounts (including, but not limited to, checking accounts, savings accounts, and certificates of deposit), brokerage accounts, retirement plan accounts, and other similar accounts with financial institutions to file reports for cash transactions over an amount prescribed by regulation; § 5314, which requires reports for transactions with foreign financial agencies; and § 5316, which requires reports for transportation of more than $10,000 into or out of the United States. In 1986, Congress added § 5324 to the subchapter to deter rampant evasion by customers of financial institutions' duty to report large cash transactions. See infra, at 162, and n. 13. The new section provides: "No person shall for the purpose of evading the reporting requirements of section 5313(a) . . . (3) structure . . . any transaction with one or more domestic financial institutions, or legal reporting requirement. *Ratzlaf v. United States*, 510 U.S. 135 (1994). and now conclude that, to give effect to the statutory "willfulness" specification, the Government had to prove Ratzlaf knew the structuring he undertook was unlawful. We therefore reverse the judgment of the Court of Appeals. *State v. Aguirre*, 287 N.J. Super. 128 (N.J. Super. 1996)

a. Conduct any business with any banking or financial institution with respect to any of my accounts, including, but not limited to, making deposits and withdrawals, negotiating or endorsing any checks or other instruments with respect to any such accounts, obtaining bank statements,

4

passbooks, drafts, money orders, warrants, and certificates or vouchers payable to me by any person, firm, corporation or political entity would contravene public policy. Manifestly a political entity does not make, nor is it able to make, functional decisions through the entire body of those individuals who may be deemed to compose it. Necessarily it performs its various acts on behalf of its citizens and with their consent, through public officials and representatives. Logically, therefore, if the political entity must respond in compensation to a person injured as a result of the transgressions of governmental agents while acting in their official capacity, it follows that its citizens and taxpayers must bear the ultimate financial responsibility for compensating their injured brethren for his or her actual loss (cf. *Nixon v Oklahoma City*, 555 P.2d 1283, 1285-1286 [Okla]).

- *i. Perform any act necessary to deposit, negotiate, sell or transfer any note, security, or draft of the United States of America, including U.S. Treasury Securities.*
- *ii. Have access to any safe deposit box that I might own, including its contents.*

b. Sell, exchange, buy, invest, or reinvest any assets or property owned by me.   Such assets or property may include income producing or non-income producing assets and property reallocation is necessary whether the asset is distributed in kind or by payment of its value in cash, and whether the distribution is made all at once or over a period of years. It is not the distributed asset itself (e.g., an apartment building) that should be reallocated; it is the resulting income (the rent the building produces). (In the O'Brien context, the distinction between the "asset"

4

5

[the license] and the "income" [the money earned by virtue of the license] can be confusing, because, except in matrimonial law, a professional license is not usually thought of as an "income-producing asset." But, as mentioned above, this kind of "asset" should not be treated differently than an apartment building or a share of stock that a corporation has issued. *11 William M. Fletcher, Fletcher Cyclopedia of the Law of Private Corporations* § 5079 (Lenore M. Zajdel, ed., perm. ed. rev. vol. 1986). Par value is an arbitrary amount that a corporation sets as the value of a share interest in the corporation. *Chadwick v. McClurg*, 103 N.J. Eq. 55, 59, 142 A. 173 (Ch. 1928); 18 *C.J.S. Corporations* § 131 (1990)

 *i). Purchase and/or maintain insurance and annuity contracts, including life insurance upon my life or the life of any other appropriate person.*

 *ii). Take any and all legal steps necessary to collect any amount or debt owed to me, or to settle any claim, whether made against me or asserted on my behalf against any other person or entity.*

 *5. Enter into binding contracts on my behalf, and to provide him a contract while representing on courts, or any agencies for the described related matters as matter for controversies.*

 *6. Exercise all stock rights on my behalf as my proxy, including all rights with respect to stocks, bonds, debentures, commodities, options or other investments.*

 *7. Maintain and/or operate any business that I may own.*

 *8. Employ professional and business assistance, as may be appropriate, including attorneys, accountants, and real estate agents, for my personal or business affairs.*

6

c. Sell, convey, lease, mortgage, manage, insure, improve, repair, or perform any other act with respect to any of my property (now owned or later acquired) including, but not limited to, real estate and real estate rights (including the right to remove tenants and to recover possession). This includes the right to sell or encumber any homestead that I now own or may own in the future.against the said first party hereto for her support, maintenance or otherwise, and further in full payment, satisfaction and discharge of any and all claims that she might or in the future could have, hold or own for alimony, counsel fee or otherwise involves conducts that present a serious potentioal of physical injuries to another individuals. *Matter of Sturmer*, 303 N.Y. 98 (N.Y. 1951). That is for prepare, sign, and file documents with any governmental body or agency, including, but not limited to, authorization to: immigration forms for individuals seeking immigration assistance; (b) advising individuals on immigration matters; (c) giving advice that is legal in nature and exceeds filling in blanks on a legal document; (d) using the title "Notario" or "Notario Publico," which is inherently misleading to Spanish speaking people; and (e) advertising and promoting their services without disclaiming he is not an attorney. The Petition seeks to enjoin    from mass deportation: (1) selecting immigration forms for individuals seeking immigration assistance; (2) advising individuals on immigration or other legal matters; (3) using the title "Notario" or "Notario Publico;" and (4) advertising, affirmatively self promoting, or calling to public attention her services without disclaiming she: (i) is not an attorney; (ii) can tell individuals what immigration forms they need; (iii) can tell individuals which immigration benefits they may be eligible for; and (iv) can give advice on how to complete an immigration form, and    the question of whether interviewing clients or customers and preparing immigration forms is the practice of law is one of first impression for this courts. Apparently only one state court of last resort has addressed this

6

7

issue. In *The Florida Bar v. Moreno-Santana*, 322 So.2d 13 (Fla. 1975), the Supreme Court of Florida enjoined a non-lawyer from preparing immigration and naturalization forms for others and from advertising or representing the ability to perform such services. If the the Florida court, however, adopted the findings of the referee that the preparation of immigration forms to change the status of an alien requires legal training. *Id.* at 15-16. In *The Florida Bar v. Retureta-Cabrera*, 322 So.2d 28, 29 (Fla. 1975). another individual was enjoined from preparing these immigration forms. *State ex Rel. Indiana State Bar v. Diaz*, 838 N.E.2d 433 (Ind. 2005)

1. *That is for prepare, sign and file income and other tax returns with federal, state, local, and other governmental bodies, or to dispute if the agencies illegally withheld funds without justification or*

2. *Obtain information or documents from any government or its agencies, and represent me in all tax matters, including the authority to negotiate, compromise, or settle any matter with such government or agency.*

3. That is also for preparing applications, provide information, and perform any other act reasonably requested by any government or its agencies in connection with governmental benefits (including medical, military and social security benefits), and to appoint anyone, including my Agent, to act as my "Representative Payee" for the purpose of receiving Social Security benefits. *In re Guardianship of Nelson*, 547 N.W. 2d 105, 108, 109 (Minn.Ct.App. 1996) (stating that because Social Security benefits are "not a windfall" for the beneficiary, "a representative payee parent can use his or her child's social security survivor benefits for the child's current maintenance regardless of the parent's financial ability to meet those needs. and "whether the relative financial abilities justify placing a greater burden on one parent and a lesser burden on the other." Here the court's $351 fees will be imposed additional injuries after they have been deported, if if they

7

8

resided in third world country is another issues for the courts to waive such    obligation. *State v. Robinson*, 281 Kan. 538 (Kan. 2006). We must consider two issues: (1) Whether such an assessment under K.S.A. 2005 Supp. 22-4513 is error if a sentencing judge fails to explicitly consider *sua sponte* at the time of assessment a defendant's ability to pay and the financial burden payment would impose, and (2) whether such an assessment violates a defendant's  due process rights if the sentencing judge fails to consider the validity of the fees at the time of assessment, and the court must waived. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003)


a). *Make gifts from my assets to members of my family and to such other persons or charitable organizations with whom I have an established pattern of giving, to file state and federal gift tax returns, and to file a tax election to split gifts with my spouse, if any.*

b)*However, my Agent shall not be prohibited, as specifically authorized in this instrument, from (a) gifting, appointing, assigning or designating any of my assets, interests or rights, directly or indirectly, to my Agent, my Agent's estate or creditors, or*

c) *The creditors of my Agent's estate, (b) exercising any powers of appointment I may hold in favor of my Agent, my Agent's estate or creditors, or the creditors of my Agent's estate, or (c) using my assets to discharge any of my Agent's legal obligations, including any obligations of support which my Agent may owe to others, excluding those whom I am legally obligated to support.   I appoint   ["__Manetirony Clervrain__"], of, and* ["__Brandako, Inc__"] *, as my substitute Agent for the sole purpose of making gifts of my property to my Agent or disclaiming assets that then pass directly or indirectly to my*

8

9

*Agent or my Agent's estate, as either may be appropriate (unless this substitute Agent is also the Agent).*

*12. Transfer any of my assets to the trustee of any revocable trust created by me, if such trust is in existence at the time of such transfer.*

*13. Subject to other provisions of this document, disclaim any interest, which might otherwise be transferred or distributed to me from any other person, estate, trust, or other entity, as may be appropriate.   However, my Agent may not disclaim assets, to which I would be entitled, if the result is that the disclaimed assets pass directly or indirectly to my Agent or my Agent's estate.*

*This Power of Attorney shall be construed broadly as a general Power of Attorney.   The listing of specific powers is not intended to limit or restrict the general powers granted in this Power of Attorney in any manner.*

*Any power or authority granted to my Agent under this document shall be limited to the extent necessary to prevent this Power of Attorney from causing: (i) my income to be taxable to my Agent, (ii) my assets to be subject to a general power of appointment by my Agent, or (iii) my Agent to have any incidents of ownership with respect to any life insurance policies that I may own on the life of my Agent.*

*My Agent shall not be liable for any loss that results from a judgment error that was made in good faith.   However, my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Power of Attorney.   A successor Agent shall not be liable for acts of a prior Agent.*

*No person who relies in good faith on the authority of my Agent under this instrument shall incur any liability to my estate, my personal representative or me.   I*

10

authorize my Agent to indemnify and hold harmless any third party who accepts and acts under this document.    If any part of any provision of this instrument shall be invalid or unenforceable under applicable law, such part shall be ineffective to the extent of such invalidity only, without in any way affecting the remaining parts of such provision or the remaining provisions of this instrument.

My Agent shall be entitled to reasonable compensation for any services provided as my Agent.    My Agent shall be entitled to reimbursement of all reasonable expenses incurred as a result of carrying out any provision of this Power of Attorney.

My Agent shall provide an accounting for all funds handled and all acts performed as my Agent, but only if I so request or if such a request is made by any authorized personal representative or fiduciary acting on my behalf.

This Power of Attorney shall become effective immediately, and shall not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute.    This is a Durable Power of Attorney.    This Power of Attorney shall continue effective until my death.    This Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

*Maisoneuve Fridelyne* Date: 10 / 20 / 2021
Declarant (signature)

Agent (phone / email): monticlervrain@gmail.com
4326 S Scatterfield Rd
Suite 153
Anderson, IN 46013

Alternate Agent (phone / email): 765-278-9806

Witness #1:

10

Case 5:22-cv-00146-GAP-PRL    Document 4-1    Filed 03/17/22    Page 12 of 12 PageID 36

11

Signature: _Saintus_    Address: _Pèlerin 4_

Full Legal Name: _Saintus Dieulissance_

**Witness #2:**

Signature: _ODeus_    Address: _Pelerin 2_

Full Legal Name: _Samson ODeus_

The foregoing instrument was acknowledged before me on _____, by
Claimant, _____, who is personally known to me or who has produced
_____ as identification.

_____
Signature of Notary taking acknowledgment

Date of Expiration: _____ FOR LIFE

11