UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MANETIRONY CLERVRAIN,
FIRDELYNE MAISONEUVE, DAVID
CINEUS, DELZ REGARTE CINEUS,
ROOD ALBERN CLERVRAIN,
EVENS DELVA, PIERRE ROBERT
JOSEPH, GARVENSLEY CADET,
BEJY LAWRENCE CADET, MARIE
MARTHES CINEUS, DANIEL
FRANCOIS, ROOD CLEEF G.
JOSEPH, JESSICA DELVA, JOCELIN
DELVA, GERARD JEAN JACQUES,
ISLANDE PIERRE, BERGELINE
CLERVRAIN, PHILLIPE JEAN
JACQUES, MELIMENE LOUIS
JUSTE, DALENCIA JULIEN, JEAN
FELE JULIEN, MARIE LOURDES
JOSEPH, VADRICE BLAISE,
NERLANDE JOSEPH, OSNER
JOSEPH, JOSEPH ANDRE
CONSTANT, JEAN EDOUARD
CONSTANT, BETTY CONSTANT,
ADELINE CONSTANT, ROSELINE
CONSTANT, KINA PAUL,
CLUADETTE DONAIS, HELENA
NEVEAH DESIRE, JOSEPH DONAIS,
JAMESLEY DONAIS, VICTORIA
BERLIE CHERY, BERJINE JUSTE,
JEAN JEANTY LUNE, BAZELAIS
ESTIVENE, ANANIAS TIMOTHEE,
MARIE JOHANE LUBIN, WAGNER
JEAN, MAXIME CILIEN,
NAPOLEON JEAN RODLIN,
WOODLY MERLIEN, JONAS
MURAT, ESTHER CINEUS,
JEREMIAH DAVID CINEUS, JASON
LOUIS-JACQUES, ODINA LOUIS-
JACQUES, JASMINE LOUIS-
JACQUES, GLADYS CLAIRVOIT,
RHWOOBBY BOB ALBERTZ
JOSEPH, ODSON LOUIS-JACQUES,
MARIE JASMINE MALVAL, KERBY

GASSON, MARJORIE BRUNO,
WESTERLINE MAUDE MILLEN
LOVE-ENSKA and MARTINE
GUERLANDE AUGUSTIN,

      Plaintiffs,

v.                                                                      Case No: 5:22-cv-146-GAP-PRL

JEANETTE NUNEZ, MELINDA
MIGUEL, JAMES UTHMEIER,
TARYN FENSKE, SAVANNAH
KELLY JEFFERSON, ANNA
DECERCHIO, KATIE STRICKLAND,
ALEX KELLY, BEAU BEAUBIEN,
STEPHANIE KOPELOUSOS, CHRIS
SPENCER, RYAN NEWMAN,
CHELSEA AAARON, DREW
MEINER, LARRY KEEFE, KERI
SKASICK, SARA KING BOSWELL,
MICHELLE WILLIAMS, HOPE
MCCOLLUMN, NASHAWNA
CARTER, TIA LEHR, BRITTANY
DENT, DEBORAH MUYER, LANA
THORNELL, ISABELLE AULTMAN,
SARA MESSER, PAUL CODY,
MEGAN PAYNE, RYAN KAGELS,
TODD KUSHMAN, JAMES
VERRICO, DONALD TUCKER,
KELLY ANTHONY, STEVE
MINGLE, LIBBY VISH, KIMBERLEY
GOMLAK, JAMES COX, JESSICA
HALLICK, ASHLEY SMITH, MIKE
MISTRETTA and TRACY COLVIN,

      Defendants.

## REPORT AND RECOMMENDATION[1]

Plaintiff, Manetirony Clervrain, a former federal inmate now living in Indiana, has filed numerous cases in federal courts around the country. Now, Clervrain, along with over fifty other plaintiffs filed a "complaint for violation of civil rights" against over forty defendants. (Doc. 1). Plaintiff Fridelyne Maisoneuve filed a motion to proceed *in forma pauperis*. (Doc. 2).

### I.    LEGAL STANDARDS

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## II.   DISCUSSION

Despite listing over fifty other plaintiffs in the caption of the complaint, only Clervrain's contact information is provided. The only plaintiff who filed a motion to proceed *in forma pauperis* is Fridelyne Maisoneuve, yet no contact information is provided for Maisoneuve.

Despite listing over forty defendants, only four individuals are listed in the complaint: Melinda M. Miguel, James Uthmeier, and Taryn Fenske from Tallahassee, Florida, and Jeannette Nunez from Miami, Florida. None of these individuals are located in the Middle District.

Other courts have noted Clervrain's significant litigation history, which includes over 100 cases in federal courts across the country. *Clervrain v. Duran*, No. 120CV01329KWRJFR, 2022 WL 626442, at *2 (D.N.M. Feb. 14, 2022) ("Plaintiff is a prolific litigator and has filed more than 100 cases in federal courts, most of which lack any connection to the forum state

and have been dismissed as frivolous or for failure to state a claim upon which relief can be granted."); *Manetirony Clervrain v. John Bel Edwards, et al.*, No. CV 21-345-SDD-EWD, 2022 WL 636048, at *1 (M.D. La. Feb. 11, 2022), *report and recommendation adopted sub nom. Clervrain v. Edwards*, No. CV 21-345-SDD-EWD, 2022 WL 628537 (M.D. La. Mar. 3, 2022) ("This case is just another stop in Plaintiff Manetirony Clervrain's four-year tour of this nation's district and appellate courts. As other courts have noted, Plaintiff has filed over 216 actions in federal district courts in 39 states, spanning from Alaska to Florida and Hawaii to Maine. Plaintiff's tour has taken him to every federal circuit court, the United States Judicial Panel on Multidistrict Litigation, and even the Supreme Court of the United States."); *Clervrain v. Shafer*, No. CV 122-001, 2022 WL 604896, at *1 (S.D. Ga. Jan. 6, 2022) ("Plaintiff Manetirony Clervrain and his propensity for prolific filings are well known to this Court. Other judges in the Southern District have characterized his filings as 'unbridled gibberish,' 'sprawling ... lengthy and largely incomprehensible,' and 'unintelligible' and 'without any rhyme or reason.'").

In this case alone, Clervrain has filed ten unsigned motions for miscellaneous relief. (Docs. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14). Like Clervrain's other cases, the complaint here is largely incomprehensible and fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. The complaint contains no facts suggesting that any of the defendants acted in violation of the law. The allegations are frivolous, and do not support any viable claim for relief. Although the plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Notably, Clervrain filed a nearly identical complaint in the Jacksonville division with different plaintiffs and against different defendants. *See Clervrain et al. v. Gruters et al.*, 3:21-cv-01209-HLA-LLL (M.D. Fla. Dec. 8, 2021). Like Clervrain's other cases, the motion to proceed *in forma pauperis* was denied and the complaint dismissed. *Clervrain et al. v. Gruters et al.*, 3:21-cv-01209-HLA-LLL (M.D. Fla. Feb. 16, 2022) (finding that Clervrain had "not 'nudged [his] claims across the line from conceivable to plausible' and 'lacks an arguable basis in either law or in fact'").

While *pro se* litigants are normally afforded an opportunity to amend their complaint before dismissal, here, as evidenced by the multitude of similar claims that have already been dismissed by courts throughout the country, any amendment would be futile.

### III.   RECOMMENDATION

Accordingly, for the reasons stated above, it is recommended that the motion to proceed *in forma pauperis* (Doc. 2) be **denied** and the complaint (Doc. 1) be **dismissed**.

Recommended in Ocala, Florida on March 31, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy